UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SAMUEL SMASHED ICE, a/k/a SAMUEL LEIGHTON,<br><br>Defendant. | 3:25-CR-30092-ECS<br><br>ORDER DENYING MOTION TO DISMISS AND FOR COMPETENCY DETERMINATION AND POSSIBLE RESTORATION |
|---|---|

This Court held a hearing on Defendant Samuel Smashed Ice's competency on June 3, 2026. During the hearing, the Court considered evidence presented by defense counsel. Defense counsel also orally moved to dismiss the pending Indictment or, in the alternative, have Defendant released from custody before trial. This Court denied defense counsel's oral motion to dismiss or alternatively release the Defendant from custody. The Court reasoned this matter was scheduled to address competency issues in the case and not to address a motion to dismiss this case on its merits.

This Court also considered two separate competency evaluations, see Doc. 26; Doc. 32, both of which conclude that Defendant is not presently competent to stand trial. The defense's expert, Dr. Pavlis, further concludes in his report that "a substantial probability exists the defendant could be restored to competency in the foreseeable future with appropriate mental health treatment and education." Doc. 26 at 15. The more recent forensic evaluation conducted at the Federal Detention Center in Englewood, Colorado, also recommended formal competency restoration

1

procedures. Doc. 32 at 14. Pursuant to 18 U.S.C. § 4241(d), this Court finds by a preponderance of the evidence that Defendant is presently suffering from a mental defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense.

The Defendant contends, however, that ordering restoration proceedings will result in a lengthy period of commitment. The Court is sympathetic to these concerns, but commitment under 18 U.S.C. § 4241(d) is mandatory upon a finding that a defendant is incompetent to stand trial. Indeed, the statute provides that upon a finding by a court that a defendant is not competent to stand trial, the court "*shall*" commit the defendant to the custody of the Attorney General, and the Attorney General "*shall* hospitalize the defendant for treatment in a suitable facility …. for such a reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward …." Id. (emphasis added).

The Eighth Circuit addressed the mandatory nature of the statute in United States v. Dalasta, 856 F.3d 549 (8th Cir. 2017). In Dalasta, the Eighth Circuit approvingly quoted a Seventh Circuit case for the proposition that "the plain meaning of this phrase [shall commit] is, and we hold it to be, that once a defendant is found incompetent to stand trial, a district judge has no discretion in whether or not to commit him." Id. at 553 (quoting United States v. Shawar, 865 F.2d 856, 860 (7th Cir. 1989)). The Eighth Circuit also noted the statute "imposes a mandatory duty to commit a defendant to the custody of the Attorney General, even if there is undisputed medical evidence that the defendant cannot be restored to competency." Id. (citations omitted).

Here, the Court has no discretion but to remand the Defendant to the custody of the Attorney General for the commencement of restoration treatment. Therefore, it is hereby

ORDERED that pursuant to 18 U.S.C. § 4241(d), Defendant is committed to the custody of the Attorney General, who shall hospitalize Defendant for treatment in a suitable facility for up to four months, as it is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings in this matter to go forward and for further evaluation with an aim toward competency restoration.  It is further

ORDERED that the parties shall notify the Court when Defendant becomes competent to stand trial within those four months or, if not, another hearing shall be set regarding Defendant's competence within those four months.  It is further

ORDERED that Defendant's trial is continued until further order of this Court and that the ends of justice served by continuing the trial outweigh the best interests of the public and the Defendant in a speedy trial insofar as both the defense and government's respective experts agree that further hospitalization of the Defendant as herein ordered is the best possible course of action. It is further

ORDERED that Defendant's oral motion to dismiss or alternatively to be released from custody is denied.

DATED this 3rd day of June, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

3